**Ira LEE, Plaintiff—Appellant,**

v.

**SOLANO COUNTY PROBATION DEPARTMENT, et al., Defendants—Appellees.**

**No. 06–15417.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

---

36. Fed.R.Crim.P. 8(a).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Ira Lee, Suisun, CA, pro se.

Martha Macon Stringer, Esq., Kathleen J. Williams, Esq., Erick C. Turner, Esq., Williams & Associates, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM ***

Ira Lee appeals pro se from the district court's summary judgment in favor of the County of Solano (sued erroneously as Solano County Probation) and three of its employees in Lee's action under the Age Discrimination in Employment Act of 1967 ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *Lindahl v. Air France,* 930 F.2d 1434, 1436 (9th Cir.1991), and review an order denying a continuance for abuse of discretion, *Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir.2006). We affirm.

The district court did not err when it ruled that Lee failed to establish a prima facie case of age discrimination against the County where Lee did not offer evidence that he was qualified for the position he sought. *See Cotton v. City of Alameda,* 812 F.2d 1245, 1248 (9th Cir.1987). Further, the district court did not err when it concluded that, even if Lee had established a prima facie case, the County met its burden to articulate a legitimate nondiscriminatory reason for refusing to hire Lee by presenting evidence that he failed both the oral and written portions of the application examination. *See id.* at 1248–50. Lee's unsupported opinion that he was qualified for the position is insufficient to show the County's reason for not hiring him was a pretext for a discriminatory motive. *See id.*

To the extent Lee's opening brief challenges summary judgment in favor of the individual defendants, the district court did not err because individual employees cannot be held liable under the ADEA. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

The district court did not abuse its discretion by denying Lee's request for a continuance under Rule 56(f) of the Federal Rules of Civil Procedure because Lee failed to identify by affidavit the specific facts that further discovery would reveal, or to explain why those facts would preclude summary judgment. *See Tatum,* 441 F.3d at 1100.

Lee's remaining contentions are without merit.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.